**Richard F. HARRINGTON, Plaintiff,**

v.

**AETNA–BEARING COMPANY, a wholly-owned SUBSIDIARY OF KATY INDUSTRIES, INC., and Katy Industries, Inc., Defendants.**

**No. 89 C 6179.**

United States District Court,
N.D. Illinois, E.D.

Jan. 30, 1990.

Thomas R. Meites, Joan H. Burger and Laurie Wardell, Meites, Frackman & Mulder, Chicago, Ill., for plaintiff.

Michael A. Rieter and Lori A. Goldstein, Holler & Coff, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

Harrington was the president of Aetna–Bearing Company, a maker and supplier of ball bearings which was wholly owned by Katy Industries. His employment with Aetna began in 1954 and ended thirty-five years later on February 7, 1989. Harrington had a written employment contract with the company, dated October 1, 1971. The contract set forth compensation and provided for termination for only five types of misconduct. The contract had a duration of 87 months and provided that during the duration of the contract Aetna would cause anyone who purchased its assets to assume Aetna's obligations under the employment contract.

On July 1, 1979 the parties amended the contract to increase the compensation and to extend the duration "until the Employee reaches age 70." Other than this "all

terms and conditions of the Employment Agreement will remain in full force and effect until Employee reaches age 70." [1] In 1979 the Age Discrimination in Employment Act (ADEA) did not cover persons aged 70 years.

Several years later, in 1988, prior to August 7, 1988, the expiration date of the contract (Harrington's 70th birthday), Harrington asked to extend the contract. This was not done. August 7 came and went and Aetna continued to employ Harrington as its president. On February 7, 1989, Finson International bought Aetna's assets and thereafter continued Aetna's business. Aetna did not cause Finson to assume the obligations of the contract. Nor did Aetna arrange for Harrington's employment by the new Aetna Bearing Company. Aetna terminated Harrington's employment on February 7, 1989.

The question here is whether the complaint states a cause of action. The first count is one of age discrimination. The obvious difficulty with this claim (as the complaint makes clear) is that Harrington was terminated because the business he ran for Aetna was sold to someone else and not because of his age.

Harrington says that "by treating [the] contract as having expired on his 70th birthday defendants caused a materially adverse change in the terms of his employment because of his age." Harrington's complaint alleges that defendants "refused to extend" the agreement and "enforced ... the age 70 mandatory termination clause" in the employment contract and that they did so wilfully.

In response, defendants argue, essentially, that by artful use of language (*i.e.,* "treating as expired" and "enforcing") Harrington conveys the image of affirmative acts by Aetna upon which liability may be founded. The truth, they say, is they did nothing; the contract expired by its own terms. They had nothing to "treat" or "enforce".

The defendants have the better of this argument. Harrington bases his "variation on the garden variety" age discrimination claim—to wit, "because of [his] age, defendants altered [his] contract status, which resulted in his termination"—on the cases sustaining recovery for materially adverse changes. *Spring v. Sheboygan Area School District,* 865 F.2d 883, 885 (7th Cir.1989). *See also Lorance v. AT & T Technologies,* —— U.S. ——, 109 S.Ct. 2261, 104 L.Ed.2d 961 (1989).[2] But there was no change in Harrington's status. On July 1, 1979 he was a man with an employment contract that ran until August 7, 1988 and thereafter a man employed, if at all, without an employment contract. On August 7, 1988 and on February 7, 1989 his status was exactly the same—a man with a contract until August 7, 1988 and a man without a contract thereafter.

There is nothing in the age discrimination law or in the cases which make illegal per se contracts which expire after a contract employee reaches forty. Nor does statute or precedent impose a duty on an employer to extend a contract that expires when the contract employee has turned forty. Absent such law, Harrington's first theory fails. Definitions of "status" are not carved in stone; they are elected by lawmakers and others for a variety of policy reasons. Harrington says the appropriate measure of status is the change in his legal standing from contract employee on one day to non-contract employee on another. But I find it more appropriate to measure his status in terms of whether Aetna's affirmative act or its failure to fulfill a duty caused Harrington's relation to the company to change from one day to the next. This is so because the law invoked here is violated by acts or omissions of an employer's obligation, the law is not intended to guarantee against all changes in status occurring with the passage of time.

---

**1.** The contract and its amendment are part of the complaint.

**2.** Defendants do not argue that the change, if any, in status occurred in 1979 and, in any

Harrington's age discrimination theory[3] is that defendants' actions of February 7, 1989, when they terminated him, are unlawful because they gave "effect to the now-illegal mandatory retirement clause" in the contract. The problem, of course, is the contract contains no mandatory retirement clause—it contains only an expiration date. The contract does not even require retirement—a fact not in dispute since Harrington remained on the job for half a year after the contract expired and until the business was sold. Harrington simply remained employed without a contract. Unless employment contracts ending after age 40 are per se unlawful, there is no past discrimination to be perpetuated by the failure to extend them.

█ The second count of the complaint is a state law claim for breach of contract. Where, as here, the federal claim fails, jurisdiction over the state claim should be relinquished unless "it is absolutely clear that the pendent claim can be decided in only one way" in which case "the district judge can and should decide it to save the time of the state court." *Martin–Trigona v. Champion Federal Savings and Loan Ass'n*, 892 F.2d 575 (7th Cir.1989).

The plaintiff seeks to enforce two provisions of the expired contract; one requiring discharge for cause and another requiring a buyer of company assets to assume the contract. Harrington's claim depends upon a finding, under Illinois law, that a clause causing expiration of a contract at age seventy is unenforceable. If this is true, then Harrington can enforce the remainder of the contract in his favor, if the unlawful clause is separable from the remainder of the contract. *See Broverman v. City of Taylorville*, 64 Ill.App.3d 522, 21 Ill.Dec. 264, 381 N.E.2d 373 (1978); *Corti v. Fleisher*, 93 Ill.App.3d 517, 49 Ill.Dec. 74, 417 N.E.2d 764 (1981). The questions of severability and enforceability of the remainder of the contract seem not ones that "can be decided in only one way." But what of the illegality, in an employment contract, of a

clause ending the contract when the employee reaches age 70? Plaintiff cites no Illinois law that would make mandatory retirement at age 70 an unlawful provision. And here we have no mandatory retirement clause. On the other hand, defendants cite no precedent upholding the validity of the contract clause in this case. While it seems there is little chance Harrington can enforce, in Illinois, a contract after it lapsed under these circumstances, I cannot say the issue is one in which the "state court would have no interest in being permitted to decide for itself." *Martin–Trigona*, at 578.

The federal law claims are dismissed for failure to state a cause of action and the state law claim is dismissed without prejudice to its filing in state court.

event, under *Lorance* the ADEA claim would be time-barred.

**3.** *See Bazemore v. Friday*, 478 U.S. 385, 106 S.Ct. 3000, 92 L.Ed.2d 315 (1986); *Beavers v. Intern Assn.*, 701 F.2d 601 (7th Cir.1982).